————o————

No. 3407.

(Court of Appeal, Parish of Orleans.)

WM. M. RHODUS, vs. GEO. K. PRATT, ET ALS.

1. The object of a jactitation suit is to protect possession; to give it the same advantages when disturbed by slander as when by actual intrusion; to force the defamer to sue and throw upon him the burden of proving his assertions.

2. A defendant in such action must either deny the slander which

257

waives title; admit the allegations and avow his readiness to sue; or, by setting up title in himself, convert the action into a petitory action in which he beccmes the plaintiff.

3. When the nature and character of the action is not changed, and it remains throughout an action of slander of title, the verity and sufficiency of plaintiff's title is not at issue.

Appeal from Civil District Court Division D.

Kernan and Gowland, for Plaintiff.

F. B. Thomas, for City of New Orleans, Appellee.

F. Rivers Richardson, for Geo. K. Pratt, Appellant.

MOORE, J. This was an action for slander of title, otherwise termed a jactitation suit.

Plaintiff avers that he is the owner and possessior of two certain squares of ground situated in the City of New Orleans and designated as squares 411 and 428 respectively; and that the defendants are slandering the title of petitioner and claiming to be the owners of the property to which they have no title. The answer is a general denial. There was judgment for plaintiff recognizing him to be the owner of the two squares of ground and quieting him in the possession thereof. From this judgment one of the defendants, Geo. K. Pratt, alone appeals.

The object of a suit in jactitation is to protect possession; to give it the same advantages when disturbed by slander as when by actual intrusion; to force the defamer to sue and throw upon him the burden of proving his assertions. 9 M. 714; 2 R. 231; 12 A. 873. He must either deny the slander; admit the allegations and aver his readiness to sue; or set up title in himself. If he admits the allegations and avers his readiness to sue the Court will fix a period within which the suit must be brought; if he sets up title in himself to the property he changes the suit to a petitory action in which he become plaintiff, and he must succeed or fail on the strength of his own title and not on the weakness of his adversary's, 27 A. 307; 32 A. 613; 12 A. 876; 33 A. 250; 40 A. 558; 46 A. 564; 35 A. 355. If on the contrary, however, the defendant in such an action, (slander of title or suit in jactitation,) in which character of suit the verity and sufficiency of plaintiff's title is not at issue, 35 A. 355, the defendant denies the slander, all question as to his title is waived, the Court being then called on simply to pass upon the fact of slander alone. 11 La. 188.

In the case at bar the answer, as stated, is a general denial. This denies the slander.

The slander by the Appellant has been fully established and this is all there is to the case.

The judgment is affirmed.